UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Civil Action No. 20-CV-02918-PGG |
| v. | |
| BACCARAT, INC., | |
| Defendant. | |

## <u>CONSENT DECREE</u>

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Baccarat, Inc. ("Defendant") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* ("ADA") when it subjected the Aggrieved Individual to harassment because of his race, sexual orientation, and disability resulting in his constructive discharge.

Although Defendant denies the allegations, the EEOC and Defendant have agreed that this action should be resolved by entry of this Consent Decree, and therefore do hereby stipulate and consent to the entry of this Decree as final and binding on the parties, including Defendant's successors, assigns, subsidiaries, and any other entity with which Defendant may merge or consolidate. The parties have agreed that this Decree may be entered into without findings of fact and conclusions of law having been made and entered by the Court. Defendant's agreement to enter into this Consent Decree does not constitute an admission of any of the allegations alleged in the Complaint.

1

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and it is therefore ORDERED, ADJUDGED AND DECREED that:

<u>GENERAL PROVISIONS</u>

1.      This Decree is final and binding on the parties and resolves all claims asserted by the Complaint in this action as based on the underlying Charge No. 520-2018-04936. This Decree does not resolve any other charge of discrimination pending before the EEOC, or any charge that may be filed in the future.

2.      The parties agree and the Court finds that this Court has jurisdiction of the subject matter of this action and of the parties, that venue is proper, and that all administrative prerequisites have been met.

3.      By mutual consent of the parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all parties to this Decree, and approved or ordered by the Court.

4.      Whenever Defendant is required to send documents, reports, forms, or other materials to the EEOC pursuant to this Decree, Defendant shall send such matters by electronic mail to Kirsten Peters at kirsten.peters@eeoc.gov and "Consent Decree Monitor" at decreemonitor.nydo@eeoc.gov.

<u>INJUNCTIVE RELIEF</u>

5.      Defendant and its managers, officers and agents are enjoined from creating, maintaining, encouraging, condoning and/or failing to prevent or correct harassment because of

2

race or sexual orientation, in violation of Title VII, or disability, in violation of the ADA.

6.      Defendant and its managers, officers and agents are enjoined from engaging in retaliation of any kind against any person because such person has opposed any practice prohibited by Title VII or the ADA, filed a charge of discrimination under Title VII or the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII or the ADA, or asserted any rights under Title VII, the ADA or this Decree, or because such person was identified as a possible witness in connection with this matter.

INDEPENDENT EEO COMPLAINT HOTLINE

7.      Defendant shall retain the services of an independent third-party business entity to provide and operate a dedicated EEO telephone "hotline" for Defendant's employees to confidentially report incidents of sexual harassment, the existence of a hostile work environment and/or discrimination/retaliation. The entity providing the dedicated EEO telephone "hotline" shall have as its primary business the provision of such services and have no previous financial relationship with Defendant, its owner, or any of its attorneys, employees, or agents.  The EEOC will not unreasonably withhold approval of an EEO telephone "hotline" operator proposed to it by Defendant.

8.      The EEO telephone "hotline" operator selection process shall be as follows:

   a.      Within thirty (30) days from the Court's execution of this Decree, Defendant shall provide the EEOC with the name and business contact information of proposed EEO telephone "hotline" operators;

   b.      The EEOC shall have seven (7) days to inform Defendant if it disapproves of Defendant's proposed EEO telephone "hotline" operator;

   c.      If EEOC disapproves of Defendant's proposed EEO telephone "hotline"

3

operator, within fifteen (15) days of the date on which EEOC informed Defendant of its disapproval, Defendant shall provide the EEOC with the name and business contact information of another proposed EEO telephone "hotline" operator;

  d.  The EEOC shall have seven (7) days to inform Defendant if it disapproves of Defendant's proposed EEO telephone "hotline" operator; and

  e.  If the parties cannot agree on an EEO telephone "hotline" operator through this process, they may seek the Court's assistance.

9.  Each proposed EEO telephone "hotline" operator must submit a statement of independence, under oath, confirming that he or she has no prior financial relationship with Defendant, its owner or any of its attorneys, employees, or agents. Defendant will submit to the EEOC such a statement of independence for each proposed telephone "hotline" operator at the same time it submits the proposed operators' name(s) and business contact information, as described in Paragraph 8.

10.  The EEO telephone "hotline" operator shall perform services to ensure compliance with this Decree as outlined herein and shall have the authority and obligation to:

  a.  Provide a dedicated EEO telephone "hotline" for Defendant's employees to report incidents of sexual harassment, the existence of a hostile work environment and/or discrimination/retaliation;

  b.  Maintain detailed written records of all reports and complaints; and

  c.  Forward to Defendant copies of the written records described above immediately for review and action by the Defendant, and with no less frequency than required to comply with the reporting requirements of this

4

Consent Decree as described below.

11.     All costs incurred for the EEO telephone "hotline" operator's services will be paid by Defendant.

## ADOPTION, POSTING, AND DISTRIBUTION OF POLICY PROHIBITING EMPLOYMENT DISCRIMINATION

12.     Within sixty (60) days of the entry of this Decree, Defendant will distribute to all current employees an antidiscrimination policy that prohibits discrimination on the basis of race, sexual orientation, and disability; outlines a procedure for making complaints or reports of discrimination including, but not limited to specifying that complaints of harassment (whether sexual harassment or harassment because of other protected bases), discrimination, and/or retaliation may be made to the third-party EEO telephone "hotline" designated for the reporting of such complaints; and identifies the individuals with whom complaints or reports should be filed (the "Antidiscrimination Policy," attached as Exhibit A).  The Policy shall, at a minimum, expressly prohibit all forms of discrimination and retaliation prohibited by Title VII and the ADA, including discrimination based on race, sexual orientation and disability, state expressly that such prohibition applies to employees and applicants for employment, and inform employees that they are entitled to make complaints or reports of unlawful employment discrimination to Defendant and to the EEOC. Once the parties have agreed on an entity to operate the telephone "hotline," pursuant to the procedure described in Paragraph 8, the "hotline" telephone number, as well as any other information necessary to enable Defendant's employees to make use of the "hotline" will be added to the Policy in lieu of the bracketed phrase "insert hotline information." The attachment of the Policy to this Decree is not an endorsement by the EEOC or by the Court that Defendant has been or is in compliance with federal anti-discrimination laws.

13.     Defendant shall provide a copy of the Antidiscrimination Policy to all employees

hired after the entry of this Decree within seven (7) days of the start of their employment. Defendant will redistribute the Policy to all employees annually on the anniversary date of the entry of this Decree.

14.     Within seven (7) days of the entry of this Decree, Defendant will incorporate the Antidiscrimination Policy and the Revised Listing of Civil Rights Offices into its employee handbook.

15.     Within seven (7) days of the entry of this Decree, Defendant will post a copy of the Antidiscrimination Policy, "Notice of Lawsuit and Settlement," attached as Exhibit B, and an EEO poster at all locations in New York City where employees report to work. At each of these locations, the Antidiscrimination Policy, Notice of Lawsuit and Settlement, and EEO poster will be posted in at least one place that is visually accessible to and commonly frequented by Defendant's employees and typically used by Defendant for posting notices directed to employees or job applicants.

<u>RECORDKEEPING AND REPORTING</u>

16.     During the term of this Decree, Defendant shall maintain and make available for inspection and copying by the EEOC written records of every complaint or report (oral or written, formal or informal, internal or external) by any employee of employment discrimination or retaliation prohibited by this Decree.  For each such complaint or report, such records shall include: (a) the name of the employee who made the complaint or report and that employee's address and telephone number unless the complaint or report was submitted on an anonymous basis; (b) the date of the complaint or report; (c) a written description of what was alleged in the complaint or report; (d) a written description of the resolution or outcome of the complaint or report, including a description of what actions, if any, Defendant took; and (e) if the complaint or report was made

6

in written form, a copy thereof.

17.     Defendant shall require personnel within its employ, upon request by the EEOC, to cooperate reasonably with and to be interviewed by the EEOC for purposes of verifying compliance with this Decree. Defendant shall permit a representative of the EEOC to enter Defendant's premises on three business days' notice, during normal business hours, for purposes of inspecting any relevant documents or records or otherwise verifying compliance with this Decree; provided, however, that the EEOC may enter Defendant's premises with notice just prior to arrival by contacting Andrea Risano, Human Resources Manager at 732-346-4206 or andrea.risano@baccarat.fr, during normal business hours, for the purpose of verifying compliance with the notice posting requirements of Paragraph 15.

18.     Defendant shall furnish to the EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree.  Each such Semi-Annual Report shall contain:

> a.     Copies of all records described in Paragraph 16, above, for the six (6) month period preceding the Semi-Annual Report or a certification by Defendant that no complaints or reports of discrimination were received during that period; and
>
> b.     A certification by Defendant that the notices required to be posted pursuant to Paragraph 15 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report.

## TRAINING

19.     The training required by this Decree must be provided in addition to and may not be combined with any training required by New York City or New York State law.

20.     Within 60 days of the entry of this Decree, and annually thereafter, Defendant will provide all supervisory and management employees and other employees involved in human resources no fewer than two (2) hours of live training on federal laws prohibiting discrimination in employment, with a special emphasis on laws prohibiting harassment and discrimination based on race, sexual orientation and disability as well as training on Defendant's EEO policies, complaint procedure, and such trainees' responsibilities thereunder. The first of these trainings may be conducted in an online format, but the remaining trainings must be conducted in person. This training requirement applies to all supervisory, management, or human resources employees nationwide. Newly hired or promoted supervisory and management employees will be given the training within seven (7) days after starting in the position.

21.     Within 60 days of the entry of this Decree, and annually thereafter, Defendant will provide all non-management employees who report to work at one of Defendant's New York City locations no fewer than one (1) hour of live, interactive training on federal laws prohibiting discrimination in employment, with a special emphasis on laws prohibiting discrimination and harassment on the basis of race, sexual orientation and disability, as well as training on Defendant's EEO policies and the procedure for making complaints. These trainings may be conducted in an online format. A senior member of management will be present to introduce the trainer and state management's commitment to the goals of the training. Newly hired employees will be given the training within seven (7) days after starting in the position.

22.     The training for management, human resources, and non-management employees

8

will include the following elements:

    a.    It will describe or portray real-world examples of conduct that is unacceptable in the workplace, including examples involving harassment based on race, sexual orientation and disability;

    b.    It will be interactive, providing participants opportunities both to answer and ask questions about how to recognize and respond to potentially problematic behavior;

    c.    It will explain the avenues available for reporting incidents of harassment or discrimination, and affirm that individuals who make complaints or reports will not be subjected to any form of retaliation or reprisal; that all complaints and reports will receive a fair and thorough investigation; that complaining employees will receive timely notice of the investigation's findings and conclusions; that Defendant will take prompt and appropriate corrective action to remedy harassment and discrimination in the workplace; that Defendant will keep complaints and reports and the identities of employees who make them confidential to the extent practicable; and

    d.    It will encourage bystander reporting, that is, it will convey that all individuals in the workplace are encouraged (and, for supervisors and managers, required) to take action if they observe any problematic behavior, and it will explain how they can do so.

23.    Defendant shall obtain the EEOC's agreement to the content the trainer proposes to present before the commencement of any training session required under Paragraphs 20 and 21,

above. The law firm of Kane Kessler, PC shall provide the training referenced in Paragraphs 20 and 21 herein. The trainer shall be a Subject Matter Expert and have experience in the area of equal opportunity employment.  Defendant shall submit the name, address, telephone number, resume and training proposal of its proposed trainer (including copies of all materials the trainer proposes to display, distribute, or otherwise present) to the EEOC at least thirty (30) days prior to the proposed date of each training session. The EEOC shall have fourteen (14) days from the date it receives the information described above to agree to or reject  the training content the trainer proposes to present. In the event the EEOC does not agree to Defendant's proposed training content, Defendant shall have seven (7) days to revise the content its trainer proposes to present. The EEOC shall then have seven (7) days from the date it receives the information described above to agree to or reject the content. If the parties cannot agree on training content through this process, they may seek the Court's assistance.

24.     Defendant will maintain attendance records identifying in legible form the name and job title of the attendees at each session and also containing the signature of each attendee, as well as copies of all training materials presented. Within seven (7) days of each training session, Defendant will provide the EEOC a copy of the attendance records and all materials used during the training session.

25.     Nicola Phelps will not only attend the training provided to management as described in Paragraph 20, but within one hundred and eighty (180) days of entry of this Decree Ms. Phelps will also be required to complete twelve hours of rigorous, live, one-on-one training. This training will provide in-depth information regarding the psychological impact of harassment based on race, sexual orientation and disability, the history of how harassment because of race, sexual orientation and disability came to be prohibited in the workplace, Ms. Phelps' responsibility

as a manager to take action when she becomes aware of and to refrain from engaging in any such harassment, what action Ms. Phelps must take when she becomes aware that harassment based on any protected category has occurred, the legal and financial impact to Defendant as a result of her past failure to act, as well as a description of the full scope of potential legal and financial consequences of any future failure to act, whether to Defendant or to Ms. Phelps individually. If at any time prior to the deadline for this training Ms. Phelps is permanently separated from her employment with Defendant, the training described in this Paragraph need not be completed.

26.     The EEOC must approve the content of the training provided to Ms. Phelps. Kane Kessler, PC shall provide such training.  The same approval requirements described in Paragraph 23 apply, except that Defendants must provide its initial proposal as to trainer(s) and training material within sixty (60) days of entry of this Decree.

<u>MONETARY RELIEF</u>

27.     Defendant shall make payments to Craig Madison ("Madison") totaling One Hundred Thousand Dollars and Zero Cents ($100,000.00) ("Payments"), as set forth below.

28.     Within fourteen (14) days of the entry of this Decree, Defendant shall issue and Madison shall receive two separate checks:  (i) a check for backpay in the amount of Fifty Thousand Dollars and Zero Cents ($50,000.00); and (ii) a check for damages in the amount of Fifty Thousand Dollars and Zero Cents ($50,000.00). Defendant will make all required withholdings from the portions of the Payment representing back pay for applicable federal, state and local income taxes and the employee share of federal payroll taxes. Defendant will be responsible for (and may not deduct from the Payments to Madison) any tax obligation Defendant incurs as a result of these payments, including the employer's share of payroll taxes. Defendant shall contemporaneously send copies of each check and withholdings statement to the EEOC.

Defendant will issue IRS Form W-2 to Madison for the portions of the Payment representing back pay, and IRS Form 1099 for the portions of the Payment representing damages.

29.    If any payment due under this Decree is not made in full and received by Madison within the time periods described in Paragraph 28 ("Unpaid Amount"), then for each day, Defendant shall pay to Madison, in the manner set forth above, an amount equal to the greater of $25.00 or 0.1% of the Unpaid Amount. If Madison does not receive payment described in Paragraph 28 in full on or before the fifteenth (15th) day following the entry of the Decree, Defendant shall be in default of this Decree and EEOC may proceed to enforce this Decree in court and seek any and all remedies available to it.

## TERM OF DECREE AND DISPUTE RESOLUTION

30.    This Decree will remain in effect for two and a half (2.5) years from the date of entry, provided, however, that if, at the end of the term of the Decree, any disputes about compliance with the Decree remain unresolved (see Paragraph 29), the term of the Decree shall be automatically extended until such time as the parties or the Court have resolved the dispute. This case may be administratively closed but will not be dismissed. The Decree will expire by its own terms at the end of the two-and-a-half-year term, without further action by the parties or the Court, unless the duration of this Decree has been extended automatically pursuant to this Paragraph or by other order of the Court.

31.    If during the term of this Decree the EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC shall notify Defendant of the alleged non-compliance and shall afford Defendant fourteen (14) days to remedy the non-compliance or satisfy the EEOC that Defendant has complied. If Defendant have not remedied the alleged non-compliance or satisfied the EEOC that it has complied within ten (10) business days, the EEOC

12

may apply to the Court for relief, including modification of this Decree or other relief that the Court determines to be appropriate. A default involving Madison's receipt of payment, as described in Paragraph 29, is not subject to this Paragraph and is automatic if payment is not timely made in accordance with Paragraph 28.

32.     No party will contest the validity of this Consent Decree or that the Court has jurisdiction to enforce this Decree and its terms for all purposes including, but not limited to, the entering of all orders, judgments and decrees as necessary to implement the relief provided herein for the duration of this Decree. A breach of any term of this Decree by Defendant shall be deemed a substantive breach of this Decree for which EEOC may bring an enforcement action.

## MISCELLANEOUS PROVISIONS

33.     Each party shall bear its own expenses, attorneys' fees, and costs.

34.     The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors and assigns of Defendant. In the event of the sale of Defendant's business,  Defendant shall provide a copy of this Decree to any purchaser, transferee, or other successor within fourteen (14) days of learning of the sale.

35.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant.

APPROVED IN FORM AND CONTENT:

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

JEFFREY BURSTEIN
Regional Attorney

KIMBERLY CRUZ
Supervisory Trial Attorney

KIRSTEN PETERS
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, Fl. 5
New York, NY 10004
Tel: (929) 506-5325
Fax: (212) 336-3623
Email: kirsten.peters@eeoc.gov

**FOR DEFENDANT BACCARAT, INC.,**

Jim Shreve
President and CEO of Defendant Baccarat, Inc.

The Clerk of the Court is directed to close this case.

SO ORDERED, ADJUDGED AND DECREED this 24 day of August , 2020.

United States District Judge

14

Exhibit A

# EQUAL EMPLOYMENT OPPORTUNITY POLICY

Baccarat is committed to always maintaining a strong and consistent policy of providing equal opportunities to all qualified persons in all aspects of the employment experience, including but not limited to hiring, discharge, pay, fringe benefits, job training, classification, and referral.

Baccarat prohibits unlawful discrimination based on race, color, creed, gender, gender identity, gender expression, religion, marital or partnership status, age, national origin, ancestry, citizenship status, immigration status, sex, sexual orientation, physical or mental disability, pregnancy (including related conditions), familial status, caregiver status, military status, status as a victim of domestic violence, stalking or other sex offenses, prior arrest or conviction status, and medical condition including genetic information or characteristics, or any other characteristic or condition protected under federal, state, or local, laws. This policy also includes prohibiting discrimination based upon a perception that anyone has any of the characteristics listed above, or is associated with a person who has or is perceived as having any of these characteristics. Such discrimination is a violation of Company policy and may be unlawful under federal, state and/or local law.

The Company is committed to compliance with all applicable laws providing equal employment opportunities. This commitment applies to all persons involved in the operations of the Company and prohibits unlawful discrimination by any employee of the Company including supervisors and coworkers.

To comply with applicable laws ensuring equal employment opportunities to qualified individuals with a disability, the Company will make reasonable accommodations for the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee unless undue business hardship would result.

Applicants or employees who require an accommodation in order to perform the essential functions of the job should contact the Human Resources Director (732-346-4202).

## Anti-Retaliation

Furthermore, it is an unlawful discriminatory practice for any employer to retaliate (i.e., discharge, expel, or otherwise discriminate) against any individual because the individual has opposed any discrimination or has filed a complaint, testified, or assisted in any proceeding regarding discrimination.

## LISTING OF CIVIL RIGHTS OFFICES

Equal Employment Opportunity Commission (EEOC)
Local office information available here: https://www.eeoc.gov/field-office
Call 1-800-669-4000
For Deaf/Hard of Hearing callers:
1-800-669-6820 (TTY)
1-844-234-5122 (ASL Video Phone)
info@eeoc.gov

**State Civil Rights Offices**

California
www.dir.ca.gov/dlse
Division of Labor Standards Enforcement, Retaliation Complaint Investigation
Unit 2031 Howe Avenue, Suite 100
Sacramento, CA 95825
916-263-1811
Information and forms are available on the Internet

Connecticut
http://www.ct.gov/chro/site/default.asp
Commission on Human Rights and Opportunities
21 Grand Street, Hartford, Connecticut 06106
Telephone: (860) 541-3400
Toll Free (CT): 1-800-477-5737
Fax: (860) 246-5419
Email: CHRO.Webmaster@ct.gov

Florida
http://fchr.state.fl.us/
Florida Commission on Human Relations
2009 Apalachee Parkway, Suite 200, Tallahassee, FL 32301
Phone: (850) 488-7082
Toll Free: 1-800-432-8170 (voice mail system/complaint line)
Fax: (850) 488-5291
E-Mail: fchrinfo@fchr.myflorida.
For those with communication impairments:
The Florida Relay Service Voice (statewide) 711
TDD ASCII (800) 955-1339
TDD Baudot (800) 955-8771

Nevada
http://detr.state.nv.us/nerc.htm
Equal Rights Commission, Reno
1325 Corporate Boulevard, Reno, NV 89502
Phone (775) 688-1288
Fax (775) 688-1292
TTY: (775) 687-5353

Equal Rights Commission, Las Vegas
2800 St. Louis Avenue, Las Vegas, NV 89104
Phone (702) 486-7161
Fax (702) 486-7054
TTY: (775) 687-5353
NV Relay 711 or 800-326-6868

New Jersey
http://www.state.nj.us/lps/dcr/index.html
Division on Civil Rights
Atlantic City Satellite Office:
26 Pennsylvania Avenue, Atlantic City, NJ 08401
Phone: (609) 441-3100
Fax: (609) 441-3578

Newark Regional Office:
31 Clinton Street, Newark, NJ 07102
Phone: (973) 648-2700
Fax: (973) 648-4405 / (973) 648-7582
TDD# (973) 648-4678

Trenton Regional Office:
140 East Front Street / P.O. Box 090
Trenton, NJ 08625-0090
Phone: (609) 292-4605
Fax: (609) 984-3812
TDD# (609) 292-1785
Go to the website for other regional offices

New York
http://www.dhr.state.ny.us/index.html
New York State Division of Human Rights
Bronx (Headquarters) , One Fordham Plaza, 4th Floor
Bronx, New York 10458
Tel No. (718) 741-8400
InfoBronx@dhr.state.ny.us

Manhattan (Upper)
New York State Division of Human Rights
Adam Clayton Powell State Office Building
163 West 125th Street, 4th Floor , New York, New York 10027 Telephone No. (212) 961-8650
InfoUpperManhattan@dhr.state.ny.us
Other regional offices are listed at the website


## POLICY AGAINST DISCRIMINATION, HARASSMENT AND RETALIATION

Baccarat endeavors to foster a congenial work environment in which all individuals are treated with respect and dignity. Each individual has the right to work in an environment which promotes equal opportunities and prohibits discriminatory practices, including harassment, sexual harassment, or retaliation.

Baccarat expressly prohibits any form of unlawful employee discrimination, harassment or retaliation based on sex, race, color, religion, national origin, age, disability, sexual orientation, marital status or veteran status or any other factor illegal under federal, state or city law.

3

Improper interference with the ability of employees to perform their expected job duties is not tolerated.

Discrimination, harassment and retaliation is unacceptable in Baccarat's offices, boutiques, or in other work-related settings and any individual found in violation of this policy will be subject to discipline up to and including termination.

**Definition of Sexual Harassment**

At Baccarat, sexual harassment, whether verbal, physical or environmental, is unacceptable and will not be tolerated. For purposes of this policy, sexual harassment is defined as unwelcome or unwanted conduct of a sexual nature (verbal or physical) when:

1. Submission to or rejection of this conduct is made either explicitly or implicitly a term or condition of an individual's employment; or

2. Submission to or rejection of this conduct by an individual is used as a factor in decisions affecting hiring, evaluation, promotion or other aspects of employment; or

3. This conduct unreasonably interferes with an individual's employment or creates an intimidating, hostile or offensive work environment.

**Examples of Sexual Harassment**

The following describes some of the types of acts that may be unlawful sexual harassment and that are strictly prohibited:

- Physical acts of a sexual nature, such as:
  - Touching, pinching, patting, kissing, hugging, grabbing, brushing against another employee's body or poking another employee's body;
  - Rape, sexual battery, molestation or attempts to commit these assaults.

- Unwanted sexual advances or propositions, such as:
  - Requests for sexual favors accompanied by implied or overt threats concerning the target's job performance evaluation, a promotion or other job benefits or detriments;
  - Subtle or obvious pressure for unwelcome sexual activities.

- Sexually oriented gestures, noises, remarks or jokes, or comments about a person's sexuality or sexual experience, which create a hostile work environment.

- Sex stereotyping occurs when conduct or personality traits are considered inappropriate simply because they may not conform to other people's ideas or perceptions about how individuals of a particular sex should act or look.

- Sexual or discriminatory displays or publications anywhere in the workplace, such as:

4

- Displaying pictures, posters, calendars, graffiti, objects, promotional material, reading materials or other materials that are sexually demeaning or pornographic. This includes such sexual displays on workplace computers or cell phones and sharing such displays while in the workplace.

- Hostile actions taken against an individual because of that individual's sex, sexual orientation, gender identity and the status of being transgender, such as:

  - Interfering with, destroying or damaging a person's workstation, tools or equipment, or otherwise interfering with the individual's ability to perform the job;

  - Sabotaging an individual's work;

  - Bullying, yelling, name-calling.

**Coverage**

This policy covers all of Baccarat's employees without exception, as well as applicants for employment. Baccarat will not tolerate, condone or allow harassment, whether engaged in by fellow employees, supervisors, managers, independent contractors, shareholders, tenants, or other non-employees who conduct business with Baccarat. Baccarat encourages the reporting of all incidents of harassment, regardless of who the offender may be.

**Complaint Procedure**

While Baccarat encourages individuals who are being harassed to promptly notify the offender that his or her behavior is unwelcome, Baccarat also recognizes that power and status disparities between an alleged harasser and a target may make such confrontation extremely difficult. In the event that such informal, direct communication between individuals is either ineffective or too difficult, the following steps should be followed in reporting a harassment complaint.

<u>Report to the Human Resources Department or to the CEO</u>

If an employee or applicant for employment has been subjected to sexual harassment or experiences any other job-related discrimination or harassment based on his/her race, color, religion, national origin, age, disability, sexual orientation, marital or veteran status or any other factor illegal under federal, state or local laws, or believes he/she has been treated in an unlawful, discriminatory manner, whether by a co-worker, supervisor or non-employee who conducts business with Baccarat, the employee should promptly report the incident, either verbally or in writing, to the Human Resources Department or to the CEO/President. In the event the employee believes it would be inappropriate to discuss the matter with the Human Resources team, he/she should report it to directly to the CEO/President.

All reports of discrimination and harassment will be reduced to writing by the person receiving the complaint and signed by the complainant. Where necessary, Baccarat will engage a lawyer or consultant to investigate the complaint and provide guidance in handling the matter.

5

<u>Report Using a Confidential Hotline</u>

Any employee may also choose to utilize the following designated "hotline" to confidentially report incidents of sexual harassment, the existence of a hostile work environment and/or discrimination or retaliation.  This hotline is operated by an independent, third-party vendor, who will forward all records of reports and complaints to the Company for immediate action:

[INSERT HOTLINE INFORMATION]

The complaint will be investigated expeditiously. While Baccarat endeavors to keep the complaint confidential throughout the investigatory process, please be aware that Baccarat will only do so to the extent practical and appropriate under the circumstances.

A copy of a complaint form is attached to this policy.

**Resolving the Complaint**

Upon completing the investigation of a discrimination or harassment complaint, the CEO/President or Human Resources Director will communicate his/her findings and intended action to the complainant and alleged harasser. If it is determined that an employee is guilty of harassing another individual, appropriate disciplinary action, up to and including termination, will be taken against the offending person. Appropriate sanctions will be determined by the President in consultation with the person conducting the investigation and/or any outside counsel or consultant so engaged. In addressing confirmed incidents of harassment, the response, at a minimum, will include reprimanding the offender and preparing a written record of the offense. Additional action may include but is not limited to: referral to counseling, withholding of a promotion, reassignment, temporary suspension without pay, and financial penalties or termination.

Although Baccarat's ability to discipline a non-employee harasser is limited by the degree of control, if any, that Baccarat has over the alleged harasser, any employee who has been subjected to harassment should report the matter so that Baccarat may attempt to take prompt action.

**Supervisory Responsibilities**

All supervisors and managers who receive a complaint or information about suspected discrimination or harassment, observe what may be discriminatory or harassing behavior or for any reason suspect that discrimination or harassment is occurring, **are required** to report such suspected conduct to the Human Resources Department or the CEO.

In addition to being subject to discipline if they engaged in discriminatory or harassing conduct themselves, supervisors and managers will be subject to discipline for failing to report suspected discrimination or harassment or otherwise knowingly allowing discrimination or harassment to continue.

Supervisors and managers will also be subject to discipline for engaging in any retaliation.

**Retaliation Prohibited**

Baccarat will not in any way retaliate against an individual who makes a report of harassment or provides information concerning an act of harassment nor will it permit any employee to do so. Retaliation is a serious violation of this policy and should be reported immediately. Any person found to have retaliated against another individual for reporting harassment will be subject to the same disciplinary action provided for harassment offenders.

**Legal Protections And External Remedies**

Discrimination and harassment is not only prohibited by the Company but is also prohibited by state, federal, and, where applicable, local law.

Aside from the internal process at the Company, employees may also choose to pursue legal remedies with the following governmental entities. While a private attorney is not required to file a complaint with a governmental agency, you may seek the legal advice of an attorney.

In addition to those outlined below, employees in certain industries may have additional legal protections.

*Civil Rights Act of 1964*

The United States Equal Employment Opportunity Commission (EEOC) enforces federal anti-discrimination laws, including Title VII of the 1964 federal Civil Rights Act (codified as 42 U.S.C. § 2000e et seq.). An individual can file a complaint with the EEOC anytime within 300 days from the harassment. There is no cost to file a complaint with the EEOC. The EEOC will investigate the complaint, and determine whether there is reasonable cause to believe that discrimination has occurred, at which point the EEOC will issue a Right to Sue letter permitting the individual to file a complaint in federal court.

The EEOC does not hold hearings or award relief, but may take other action including pursuing cases in federal court on behalf of complaining parties. Federal courts may award remedies if discrimination is found to have occurred. In general, private employers must have at least 15 employees to come within the jurisdiction of the EEOC.

An employee alleging discrimination at work can file a "Charge of Discrimination." The EEOC has district, area, and field offices where complaints can be filed. Contact the EEOC by calling 1-800-669-4000 (TTY: 1-800-669-6820), visiting their website at www.eeoc.gov or via email at info@eeoc.gov.

If an individual filed an administrative complaint with DHR, DHR will file the complaint with the EEOC to preserve the right to proceed in federal court.

*New York State Human Rights Law (HRL)*

**\* If you are employed by the Company outside of New York State, please refer to the Listing of Civil Rights Offices above.**

The Human Rights Law (HRL), codified as N.Y. Executive Law, art. 15, § 290 et seq., applies to all employers in New York State with regard to sexual harassment, and protects employees, paid

or unpaid interns and non-employees, regardless of immigration status. A complaint alleging violation of the Human Rights Law may be filed either with the Division of Human Rights (DHR) or in New York State Supreme Court.

Complaints with DHR may be filed any time **within one year (three years beginning Aug. 12, 2020)** of the harassment. If an individual did not file at DHR, they can sue directly in state court under the HRL, **within three years** of the alleged sexual harassment. An individual may not file with DHR if they have already filed a HRL complaint in state court.

Complaining internally to the Company does not extend your time to file with DHR or in court. The one year or three years is counted from date of the most recent incident of harassment.

You do not need an attorney to file a complaint with DHR, and there is no cost to file with DHR.

DHR will investigate your complaint and determine whether there is probable cause to believe that sexual harassment has occurred. Probable cause cases are forwarded to a public hearing before an administrative law judge. If sexual harassment is found after a hearing, DHR has the power to award relief, which varies but may include requiring your employer to take action to stop the harassment, or redress the damage caused, including paying of monetary damages, attorney's fees and civil fines.

DHR's main office contact information is: NYS Division of Human Rights, One Fordham Plaza, Fourth Floor, Bronx, New York 10458. You may call (718) 741-8400 or visit: www.dhr.ny.gov.

Contact DHR at (888) 392-3644 or visit dhr.ny.gov/complaint for more information about filing a complaint. The website has a complaint form that can be downloaded, filled out, notarized and mailed to DHR. The website also contains contact information for DHR's regional offices across New York State.

_Local Protections_

Many localities enforce laws protecting individuals from sexual harassment and discrimination. An individual should contact the county, city or town in which they live to find out if such a law exists. For example, employees who work in New York City may file complaints of sexual harassment with the New York City Commission on Human Rights. Contact their main office at Law Enforcement Bureau of the NYC Commission on Human Rights, 22 Reade Street, 1st Floor, New York, New York; call 311 or (212) 306-7450; or visit www.nyc.gov/html/cchr/html/home/home.shtml.

_Contact the Local Police Department_

If the harassment involves unwanted physical touching, coerced physical confinement or coerced sex acts, the conduct may constitute a crime. Contact the local police department.

# Exhibit B



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (929) 506-5270
General FAX: (212) 336-3625

### NOTICE OF LAWSUIT AND SETTLEMENT

This Notice is being posted as part of a Consent Decree settling a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant Baccarat, Inc. ("Baccarat") in Federal court in the Southern District of New York (Civil Action No. 20-CV-02918). In its lawsuit, the EEOC alleged that Defendant unlawfully discriminated against an employee by permitting harassment based on race, sexual orientation, and disability to occur, resulting the employee's constructive discharge. Baccarat has denied the allegations in the lawsuit and maintains that it is fully committed to a workplace free from any unlawful discrimination or harassment.

Federal law prohibits employers from discriminating against or permitting the harassment of employees and applicants based on race, sex (including sexual orientation, gender identity, and pregnancy), disability, national origin, religion, color, age, or genetic information. Federal law also prohibits employers from retaliating against individuals who complain about or oppose discrimination or participate in any way in the processing of a complaint.

Defendant and its managers and supervisors agree to support and comply with Federal law prohibiting discrimination against or harassment of any employee or applicant for employment because of an individual's race, sexual orientation or disability.

Under the Consent Decree, Defendant agrees to:

1. Comply with Federal law and not permit any employee to be harassed because of his or her race, sexual orientation or disability;
2. Maintain and distribute written policies and procedures prohibiting discrimination and harassment and enabling employees to file complaints;
3. Provide training on Federal laws prohibiting employment discrimination to all current and future employees;
4. Permit EEOC to monitor compliance with the Consent Decree;
5. Post and distribute this Notice; and
6. Make whole the individual who alleged harassment and constructive discharge.

Should you have a complaint of discrimination, follow Baccarat's policy for reporting such complaints, or you may contact the EEOC at:

U.S. Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004
Phone: 1-800-669-4000
TTY (for hearing impaired): 1-800-669-6820 | ASL Video Phone (for hearing impaired): 1-844-234-5122
Website: http://www.eeoc.gov

Dated: _____

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL

**This notice must remain posted for two and a half (2.5) years from date shown above, and most not be altered, defaced, or covered by any other material. Any question concerning this Notice or compliance with its provision may be directed to the U.S. Equal Employment Opportunity Commission at the number listed above.**